UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KATHRYN A. LITTLE,

        Plaintiff,

v.

BLOOMIN' BRANDS, INC., d/b/a
Outback Steakhouse,

        Defendant.

_____/

Case No. 1:18-CV-214

HON. GORDON J. QUIST

## **OPINION**

Plaintiff, Kathryn Little, has sued Defendant, Bloomin' Brands, Inc., alleging a claim for premises liability/negligence for injuries that she sustained when she stepped into a pothole or cavity in the pavement of Bloomin Brands' parking lot. Bloomin' Brands moves for summary judgment, arguing that it is not liable for Little's injuries because the pothole/cavity was open and obvious and no special aspects rendered its open and obvious nature unreasonably dangerous.

Because an average person with ordinary intelligence would have discovered the condition on Bloomin' Brands' premises on casual inspection, and no reasonable juror could find otherwise, the Court will grant Bloomin' Brands' motion and dismiss Little's complaint with prejudice.

### **I. FACTS**

Bloomin' Brands operates an Outback Steakhouse Restaurant at 4880 Marsh Road, Okemos, Michigan. On May 30, 2017, at approximately 6:00 p.m., Little and her husband, Douglas Little, drove to the Outback Steakhouse to meet some friends for dinner. (ECF No. 56-2 at PageID.386.) Douglas drove the vehicle and Kathryn rode in the passenger seat. The weather was sunny and no water was on the ground. (*Id.*) Douglas drove into the restaurant's parking lot and selected a spot next to a landscape island, with no vehicles parked next to him. Upon entering the parking lot, Kathryn had noticed it "was a mess"—meaning that "there were huge, huge areas that were

potholes." (*Id.* at PageID.387.) Douglas parked the vehicle so that the passenger side of the vehicle was next to the curb of the landscape island. (*Id.*)

Kathryn opened her car door and stepped out of the vehicle. She looked straight ahead and was not looking down. When Kathryn was completely out of the vehicle and as she was shutting the door, she took a step with her left leg and stepped into a hole or cavity in the asphalt. Kathryn's left ankle twisted, and she took another step with her right leg to try to correct herself. (*Id.* at PageID.387.) However, Kathryn fell onto the uneven surface of the curb and the parking lot, and her leg snapped. (*Id.*) Kathryn did not look down because she "didn't even think about that." (*Id.* at PageID.388.)

Douglas did not notice any potholes when he drove into the parking lot. (ECF No. 56-4 at PageID.419.) After he got out of the car and closed his door, he heard Kathryn "let out a big yell," and he rushed around to the other side of the vehicle and saw her lying on the ground in pain. (*Id.* at PageID.420.) At that point, Douglas observed "the general disrepair of the parking lot" around where Kathryn fell, meaning "maybe an inch, two inches broken-up concrete." (*Id.*)

In addition to breaking her right leg, Kathryn suffered a severe sprain of her left ankle. Kathryn filed a complaint against Bloomin' Brands on or about January 3, 2018, in the Ingham County Circuit Court. Bloomin' Brands subsequently removed the case to this Court on the basis of diversity jurisdiction.

## II. DISCUSSION

**A. Applicable Law**[1]

**1. Bloomin' Brands' Duty**

Kathryn, as Bloomin' Brands' customer, was an invitee. *Benton v. Dart Prop., Inc.*, 270 Mich. App. 437, 440, 715 N.W.2d 335, 338 (2006) (per curiam). A possessor of land owes invitees

---

[1] The parties do not dispute that Michigan law applies to Kathryn's negligence claim.

2

a duty to use reasonable care to protect them from an unreasonable risk of harm caused by a dangerous condition on the land. *Hoffner v. Lanctoe*, 492 Mich. 450, 460, 821 N.W.2d 88, 94 (2012); *Quinlivan v. Great Atl. & Pac. Tea Co., Inc.*, 395 Mich. 244, 251, 235 N.W.2d 732, 735 (1975). This duty extends to dangerous conditions the possessor "knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 609, 537 N.W.2d 185, 186 (1995) (citations omitted). Thus, the possessor must protect invitees from dangers of which the possessor is aware and from those dangers which the possessor could have discovered with reasonable care. *Kroll v. Katz*, 373 Mich. 364, 374, 132 N.W.2d 27, 32 (1965).

### 2. Open and Obvious Conditions

A possessor of land is under no duty to protect an invitee from dangers that are open and obvious. *Bertrand*, 449 Mich. at 612–13, 537 N.W.2d at 188. "[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee *unless he should anticipate the harm despite knowledge of it on behalf of the invitee.*" *Id.* at 613, 537 N.W.2d at 188 (italics in original). A condition is considered open and obvious if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich. at 461, 821 N.W.2d at 94–95 (footnote omitted). The inquiry employs an objective standard, "calling for an examination of the objective nature of the condition of the premises at issue." *Id.* at 461, 821 N.W.2d at 95 (internal quotation marks and footnote omitted). "The proper question is not whether *this plaintiff* could or should have discovered the [dangerous condition], but whether the [dangerous condition] was observable to the average, casual observer." *Price v. Kroger Co. of Mich.*, 284 Mich. App. 496, 501, 773 N.W.2d 739, 742 (2009) (citing *Novotney v. Burger King Corp.*, 198 Mich. App. 470, 475, 499 N.W.2d 379, 381 (1993) (italics in original)).

### 3. Special Aspects

The open and obvious rule does not extend to conditions that present special aspects that render it unreasonably dangerous. *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 517, 629 N.W.2d 384 (2001). In *Lugo*, the Michigan Supreme Court recognized two situations where a landowner has a duty to protect an invitee from an open and obvious hazard: (1) where the danger, while avoidable, poses an unreasonably high risk of severe harm (the example the court cited was an unguarded thirty-foot deep pit in the middle of a parking lot); and (2) where the danger is effectively unavoidable. *Id.* at 518, 629 N.W.3d at 387.

## B. Analysis

Bloomin' Brands argues that it is entitled to summary judgment because an average person with ordinary intelligence would have observed the pothole or cavity in the parking lot upon casual inspection. It argues that this case is virtually identical to *Lugo*, *supra*. In *Lugo*, the plaintiff sued the defendant for injuries she suffered as she was walking through a parking lot and stepped into a pothole. The plaintiff testified that she was not watching the ground and, instead, was watching a truck in the parking lot. *Lugo*, 464 Mich. at 514–15, 629 N.W.2d at 385. The plaintiff also admitted that nothing would have prevented her from seeing the pothole. *Id.* at 515, 629 N.W.2d at 385. The Michigan Supreme Court said that "a common pothole . . . is open and obvious and . . . cannot form the basis of liability against a premises possessor." *Id.* at 520, 629 N.W.2d at 388. Although the plaintiff claimed that she was distracted, the court said that "potholes in pavement are an 'everyday occurrence' that ordinarily should be observed by a reasonably prudent person." *Id.* at 523, 629 N.W.2d at 389.

The evidence in the record, which is not in dispute, shows that the pothole was an open and obvious condition. Kathryn admitted that at the time she stepped out of the vehicle, she was aware that the parking lot had "huge areas" of potholes and she was not looking down when she stepped

4

into the hole. Douglas testified that he was able to see the broken-up area of pavement when he went around the vehicle to help Kathryn. Moreover, there is no evidence that the pothole had a special aspect that would provide an exception to the open and obvious doctrine. *See Turner v. United States*, No. 10-cv-10944, 2011 WL 3489784, at *8 (E.D. Mich. Aug. 9, 2011) (concluding that the open and obvious doctrine under Michigan law barred the plaintiff's claim for injuries that he suffered when he stepped into a pothole in the parking lot of the Flint Post Office because the plaintiff and his wife testified that the loose gravel and pothole were readily apparent to them after the plaintiff fell).

Kathryn responds that the open and obvious doctrine does not bar her claim because shadows obscured her view of the pothole. However, Kathryn admitted that she never looked at the parking lot in the area where she fell, either before or after her fall. (ECF No. 56-2 at PageID.387.) Because Kathryn did not actually look at the pothole, her testimony about a shadow is speculative. "Mere speculation, however, does not create a genuine issue of fact." *Cantrell v. United States of America, Dep't of the Army Corps of Eng'rs*, No. 98-5735, 1999 WL 552548, at *1 (6th Cir. July 22, 1999). Moreover, when Douglas went around the vehicle to help Kathryn, he was able to see the pothole. (ECF No. 56-4 at PageID.420.) Thus, the admissible evidence points in only one direction: the pothole was open and obvious, with no special aspect.

The cases Kathryn cites—two unreported cases from the Michigan Court of Appeals and an unreported case from the Eastern District of Michigan—are not binding on this Court. *See Nixon v. Celotex Corp.*, 693 F. Supp. 547, 553 (W.D. Mich. 1988) (noting that unreported Michigan Court of Appeals cases "are not binding on this Court"); *Heggie v. Mich. Dep't of Corrs.*, No. 1:07-cv-1024, 209 WL 36612, at *4 (W.D. Mich. Jan. 5, 2009) ("This court, of course, is not bound to follow the decisions of other districts, whether within our circuit or elsewhere."). But, even if they were binding, these cases are distinguishable. In *Galliher v. Trinity Health-Michigan*, No. 267185, 2007

5

WL 2214431 (Mich. Ct. App. Aug. 2, 2007), the plaintiff and her 14-year-old granddaughter were walking across the hospital's parking lot when the plaintiff stepped into a pothole and fell. Both the plaintiff an her daughter testified that it was dark, the parking lot was not lighted, and there were shadows from the surrounding buildings. No such evidence is present in this case. In *Dunkle v. K-Mart Corp.*, No. 218789, 2003 WL 22017799 (Mich. Ct. App. Aug. 26, 2003), the plaintiff was walking through a store past a pallet and made a right turn at the end of a row of boxes on the pallet where he thought the pallet ended. His foot got hooked underneath the pallet that he could not see. *Dunkle* did not involve a pothole. Finally, in *Kanaziz v. Speedway*, No. 12-CV-13838, 2013 WL 12123676 (E.D. Mich. Apr. 18, 2013), the plaintiff stepped into a pothole in the defendant's parking lot. However, the plaintiff said that he did not see the pothole because the rocker panel or running board of his truck obstructed his view of the pothole. There is no such evidence in the instant case.[2]

Accordingly, Bloomin' Brands is entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Bloomin' Brands's motion for summary judgment.

An Order consistent with this Opinion will enter.

Dated: May 23, 2019                            /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE

---

[2] At oral argument Little's counsel cited *Stenzel v. Best Buy Co.*, No. 156262, 2019 WL 1769589 (Mich. Apr. 22, 2019). *Stenzel*—a products liability case addressing notices of nonparty fault —does not apply to this premises liability case.